UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


**CHARLES A. BOGGS**                                              **PLAINTIFF**

**V.**                              **CIVIL ACTION NO. 1:05CV713 LTS-RHW**

**JOHN FRENCH, ET AL.**                                         **DEFENDANTS**


## MEMORANDUM OPINION

The Court has before it Plaintiff Charles A. Boggs's (Boggs) motion to remand.  The Court also has before it the plaintiff's motion for leave to amend the complaint.  For the reasons set out below, the motion to remand will be held in abeyance at this time, the motion to amend the complaint will be granted, and the plaintiff will be allowed a period of thirty days within which to clarify his allegations against the non-diverse defendants.  When the plaintiff files his amended complaint, I will decide the merits of the motion to remand.

Plaintiff Boggs is an attorney appearing in this action *pro se.*  His state court complaint alleges that his residence in Long Beach, Mississippi, was destroyed in Hurricane Katrina.  He has filed this action against his local insurance agent, John French (French), and French Insurance Agency (FIA), along with three insurance companies and two corporations alleged to have acted as agents for the insurers.

This case was removed on grounds of diversity of citizenship and upon the alternative grounds that the complaint presents a federal question.  Boggs has moved to remand, contending that there is no complete diversity of citizenship among the parties, and also contending that his complaint presents no issue of federal law.

I agree with the plaintiff that his complaint presents no issue of federal law on the face of his complaint.  Accordingly, this court has no subject matter jurisdiction under 42 U.S.C. §1331.

Although the defendants assert that Plaintiff has collected flood insurance coverage on his residence, there is no allegation concerning the plaintiff's flood insurance coverage on the face of the complaint. The complaint presents no issue concerning the interpretation of the plaintiff's flood insurance policy.

If, as the plaintiff has alleged, his residential property was totally destroyed, and if, as the defendants assert, Boggs has collected the proceeds of his flood insurance coverage, both parties will have a full and fair opportunity to make the relevant facts concerning this coverage and the adjustment of the plaintiff's claim under his flood policy part of the record. The plaintiff's claim under his flood policy and the adjustment of that claim may be relevant to the issue of damages, but neither the existence of the policy itself nor the adjustment of the plaintiff's claim under that policy is an issue that gives this court subject matter jurisdiction under 42 U.S.C. §1331.

The removing defendants are: Arrowhead General Insurance Agency, Inc.; Meritplan Insurance Company (Meritplan); CGI, Inc.; and Balboa Insurance Company. Clarendon Insurance Company (Clarendon), French, and FIA have consented to removal.

Removal on grounds of diversity of citizenship is premised on the defendants' assertion that Boggs has fraudulently joined French and FIA as defendants, and, having made that assertion, defendants bear the burden of proving it to be true. B., Inc., v. Miller Brewing Co., 663 F.2d 545 (5th Cir.1981). The defendants' burden has been characterized as a heavy one because, in making the assessment whether joinder of a non-diverse defendant is fraudulent or legitimate, the district court must assume all the well-pleaded facts in the complaint to be true, must grant the plaintiff all reasonable favorable inferences, and must resolve all doubtful issues of state law in favor of the party seeking remand. Dodson v. Spiliada Maritime Corp., 951 F2d 40 (5th Cir.1992); Hart v. Bayer Corp., 199 F.3d 239 (5th Cir.2000).

Under these guidelines, this court must determine whether there is any reasonable basis upon which the plaintiff could prevail and establish a right of recovery against the non-diverse defendants. If there is such a basis, the case must be remanded for resolution in the court where the action was originally filed.

Boggs has alleged that French notified him several weeks before Hurricane Katrina that his insurance premium was due. He immediately paid his insurance

premium to French and FIA. French is alleged to have accepted the premium on behalf of one or more of the defendants. Boggs alleges that between the time he paid his premium and the date the insured property was destroyed, the defendants failed to issue an insurance policy on this property. Boggs alleges that after the loss occurred "defendants Meritplan Insurance, Clarendon Insurance, Arrowhead Insurance, and Balboa Insurance mailed a new policy with a different company to plaintiff at his destroyed address." (Complaint Paragraph 13)

Boggs contends: "Mississippi law precludes and estops these defendant insurers from denying coverage because the alleged 'exclusions' and 'endorsements' were issued and mailed after the loss so well known to the defendants and the world." (Complaint Paragraph 15) Boggs charges all the named defendants except CGI with negligence in having collected his premium and having then failed to issue and deliver an insurance policy before the storm destroyed the insured property. (Complaint Paragraph 12)

Boggs charges all the named defendants except CGI with having "willfully and intentionally changed and manipulated coverage from one company (Clarendon Insurance) to another (Meritplan Insurance) by accepting plaintiff's premium without first offering of, or even informing of, this switch in coverage." (Complaint Paragraph 17)

Boggs charges all the named defendants with "bad faith, arbitrary and capricious behavior. (Complaint Paragraph 20).

Boggs charges the insurance company defendants with gross and reckless negligence in support of a claim to punitive damages. (Complaint Paragraph 24)

Boggs also charges that the defendant insurance companies were grossly negligent in the process of adjusting his claim. (Complaint Paragraph 26).

Finally, Boggs charges, in the alternative, that he is entitled to collect benefits for wind damage under his policy. (Complaint Paragraph 27).

Boggs makes no specific complaint concerning the terms of the policy that the defendants ultimately sent him. Likewise, Boggs makes no allegation that the coverage in this new policy was different from the coverage he previously purchased. Neither the new policy nor the replacement policy has been made an exhibit to the complaint.

Consideration of the issue of fraudulent joinder requires the Court to grant the plaintiff all inference favorable to his theory of recovery, but the Court is neither required nor empowered to speculate on the substance of the plaintiff's theory of his case.  Boggs makes an allegation that French and FIA were negligent, but I am unable to determine, from the face of the complaint, what this alleged negligence is.  There is simply insufficient information in the complaint to permit me to reach a conclusion on the merits of this motion.

Accordingly, I will hold the motion to remand in abeyance pending the clarification of the plaintiff's claims against French and FIA.  I will grant the plaintiff's motion to amend his complaint to add his spouse as a party plaintiff, and I will instruct the plaintiff to make a more definite statement of the facts that support his claims against French and FIA.

Since plaintiff is an attorney, he will be mindful of F.R.Civ.P. 11, as is his duty to the Court.  Plaintiff shall attach to his amended complaint a copy of the policy issued to him by Meritplan and a copy of his previous Clarendon policy, and plaintiff shall specify the differences between the two policies that are alleged to have operated to his detriment.  If the plaintiff is not in possession of a copy of these two insurance policies, he shall promptly notify the defendants of this fact, and the defendant or defendants having possession of a copy of these two policies shall promptly furnish a copy of each to the plaintiff.

The amended complaint containing the more definite statement of the plaintiffs claims against French and FIA shall be filed within thirty days of the date of this order.  I will decide the merits of the motion to remand in light of the allegations of the amended complaint.

**SO ORDERED** this 15th day of May, 2006.

s/ *L. T. Senter, Jr.*

L. T. Senter, Jr.
Senior Judge