UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


**CHARLES A. BOGGS**                                                                                    **PLAINTIFF**


**V.**                                                       **CIVIL ACTION NO: 1:05CV713 LTS-RHW**


**JOHN FRENCH, ET AL.**                                                                              **DEFENDANTS**


## MEMORANDUM OPINION

The Court has before it Plaintiff Charles A. Boggs's (Boggs) motion to remand. This motion has been held in abeyance pursuant to an order I entered on May 15, 2006, requiring that Boggs clarify his substantive allegations of misconduct against Defendants John French and John French Insurance Agency, Inc. (the agency). Boggs has now filed a second amendment to his complaint, both of the relevant insurance policies are part of the record, and I am prepared to decide the pending remand motion.

The relevant facts appear of record. On August 22, 2005, a female employee of the agency telephoned Boggs to notify him that his homeowners policy with Clarendon National Insurance Company (Clarendon) had expired. (Second Amended Complaint Cause XIX)

Boggs went to the agency to address this concern, and while he was there he signed a document entitled "Accord Statement of No Loss." This document is attached as Exhibit E to Clarendon's opposition to the plaintiff's motion to remand. This document, which states that no losses had occurred between August 9, 2005 (the date the Clarendon policy expired) and August 22, 2005, the date new coverage was being bound, identifies Meritplan Insurance Company (Meritplan) as the prospective insurer. Defendant Arrowhead General Insurance Agency, Inc. (Arrowhead) is a general agent for both Clarendon and Meritplan.

By notice dated June 21, 2005, Clarendon undertook to give notice to Boggs and the agency (and presumably its other policy holders) that it would no longer write the insurance coverage provided by Boggs policy. The cancellation of this coverage was to be effective on August 9, 2005. The notice is attached as Exhibit C to Clarendon's opposition to plaintiff's motion to remand. By separate notice (Exhibit D to Clarendon's opposition to plaintiff's motion to remand), Arrowhead indicated that Clarendon policies would be replaced with substantially identical policies issued by Meritplan.

After signing the "Accord Statement of No Loss," Boggs issued a check for $2,086.00 made payable to Arrowhead.  Arrowhead caused the Meritplan policy to issue, and Boggs has coverage for his home under the Meritplan policy.

I have reviewed the terms of both the Meritplan policy and the Clarendon policy, and I can see no substantial difference in the coverages these two policies provide.  Thus it is very difficult for me to understand what complaint Boggs has against French or the agency.  French individually did not participate in the transaction of August 22, 2005.  The agency alerted Boggs to the absence of coverage and worked with him to immediately secure coverage that is substantially identical to the coverage Boggs had under the expired Clarendon policy.  I see nothing fraudulent or negligent in this transaction.  With respect to coverage under the homeowners policies, Boggs appears to me to be in exactly the same position he would have been in had the Clarendon policy continued in force.

Even under the very liberal standards that apply to evaluating a claim against a local defendant in the context of removal based on an issue of fraudulent joinder, Boggs's allegations against French and the agency set out in the Second Amended Complaint are insufficient to state a cause of action upon which relief may be granted.

Accordingly, I will dismiss the allegations against French and the agency without prejudice, and I will deny the motion to remand.  An appropriate order will be entered.

Decided this 29th day of September, 2006.

s/ *L. T. Senter, Jr.*
L. T. Senter, Jr.
Senior Judge